UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY A. FONTAINE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 08-429-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED PARTIAL DISMISSAL

The plaintiff, appearing *pro se*, has filed a complaint against the "Social Security Administration," for which I have substituted its commissioner in his official capacity; Barbara Newbauer, apparently the former district manager for the Social Security Administration in its office in Auburn, Maine; Philip Smith, assertedly the manager of the Social Security Administration's disability review office in Portland, Maine; Randy Henry, apparently an intake worker at the Social Security Administration's Auburn, Maine office; Eric Hoch, allegedly a worker at Disability Determination Services in Winthrop, Maine; Olympia Snowe, United States Senator for Maine; and Diane Jackson, allegedly an employee in Senator Snowe's district office in Maine.  I have granted the plaintiff's motion for leave to appear *in forma pauperis*.  Docket No. 6.  I now recommend that the complaint be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.  Applicable Legal Standard

Section 1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> **(A)** the allegation of poverty is untrue; or
>
> **(B)** the action or appeal –
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

## II. Discussion

The complaint presents a different claim against each named defendant. I address them in reverse order.

### A. Diane Jackson

The sum of the passages in the complaint that mention Diane Jackson is as follows:

> 2) . . . I was working with Senator Snowe's employee Diane Jackson, so I called her and told her the outcome [after I appeared before Judge Cohen and SSA Attorney Susan Donahue], she said she was going to request a letter from Ms. Newbauer as to what went on in the trial, which she did. She sent me a copy.
>
> \* \* \*
>
> 7) This complaint against Diane Jackson, employee of Senator Snowe, I file . . .because she was the person acting on the behalf of Senator Snowe. Diane was the one that relayed all the information about Barbara Newbauer and also is the one that formally told me "if I filed anything with the OIG's [presumably the Office of the Inspector General's] office that they would no longer help me." She also told me Senator Snowe was aware of everything that happens on my case. . . . The relief I am seeking is my Disability to be granted from the court, but I am not seeking an apology from Diane, as she was doing her job on the Senator's behalf and am seeking no monetary judgement from her either. I have just filed against her as a formality because she was the one I dealt with at Senator Snowe's office.

Complaints [sic] Against Each Defendant ("Complaint") (Docket No. 1) ¶¶ 2, 7.

Even read liberally, as they must be when filed by a *pro se* plaintiff, *see, e.g., Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), these portions of the complaint expressly state that no relief is sought against Jackson and thus state no claim against her on which relief may be granted. By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), the claim against Jackson must be dismissed for failure to state a claim on which relief may be granted.

### B. Senator Olympia Snowe

The following allegations against Senator Snowe are included in the complaint:

> The complaint against Senator Olympia Snowe is being brought because it is necessary for filing this correctly. I do not really want to cause them any problems because her office workers and I have gone through a lot, but it is necessary. Senator Snowe has been in government a long time, and when I notified them that my privacy act had been violated, I was told "that if I reported it to the OIG's office, that they would no longer be able to help me." At no time did Senator Snowe contact me, with all that I was going through and she is my State Senator. The reason for the civil suit against her is that, as my state senator she has the position to uphold laws made by our Government and if she is aware of one that was violated she has to report it like any other person who had given out private information to an unrelated person to the case. The relief I am seeking is my Disability and a letter of apology for her disregard for a federal law being broken by a federal employee and any monetary amount the court or jurors allow.

Complaint ¶ 6.

Assuming that the "federal law" to which the complaint refers is the "privacy act" mentioned in the same paragraph, the federal statute popularly known as the "Privacy Act," 5 U.S.C. § 552, allows an individual to resort to federal court to enjoin an agency of the federal government from improperly withholding records, 5 U.S.C. § 552(a)(4)(B). It specifically does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(1)(6). This

statute does not provide a remedy for a claim that an agency improperly disclosed any of the specifically exempted personnel and medical files, and so I must conclude that it does not provide a legal basis for the claim against Senator Snowe.[1] I add that there is no general requirement in statute, regulation, or in case law, of which I am aware, that an individual, senator or not, must report the violation of a federal law, and is liable to the victim of that violation, if he or she does not report the violation.

If the plaintiff means instead to invoke her "privacy rights" under Social Security law, as is suggested by her allegation that Barbara Newbauer disclosed what went on in her hearing before an administrative judge of the Social Security Administration,[2] Complaint ¶ 2, my research has not located any statute, regulation, or case law prohibiting such disclosure. The plaintiff did not ask the court to seal the transcript of that hearing when it was submitted to this court in connection with her appeal from the commissioner's decision that issued after that hearing. *See* Docket*, Fontaine v. Astrue*, Civil No. 07-18-P-S. The common law presumes a right of access to judicial records, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), and it is the plaintiff's burden to show some significant interest that outweighs the presumption. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The complaint in this case includes no allegation that could reasonably be construed to refer to any such interest.

---

[1] Generally, to state a claim under the Privacy Act, a complaint must allege that (1) the information at issue is a record contained within a system of records; (2) the agency violated the Act with respect to that record; (3) the disclosure had an adverse effect on the plaintiff; and (4) the violation was willful for intentional. *Milano v. Astrue*, 2008 WL 4410131 (S.D.N.Y. Sept. 26, 2008), at *42. The complaint in this case, alleging that Barbara Newbauer sent a letter "as to what went on in the trial" to Congressman Allen's office without the plaintiff's consent, Complaint ¶ 2, cannot reasonably be read to allege either the first or the third elements of such a claim.

[2] The plaintiff alleges that what was wrongfully revealed was "what went on in the trial," a characterization that appears shortly after the complaint mentions the plaintiff's appearance before Magistrate Judge Cohen of this court. To the extent that the complaint may reasonably be read to refer to that appeal hearing rather than the agency hearing within the Social Security Administration, the plaintiff's appeal, the papers filed in that action, and the oral argument held on October 5, 2007, were all matters of public record, and no disclosure of any information about that action to a third party could therefore violate the plaintiff's privacy rights, whatever their source. *See Fontaine v. Astrue*, 2007 WL 3023611 (D. Me. Oct. 12, 2007).

Similarly, I am aware of no law that requires a United States senator to respond personally, and not as here via a staff member, to a constituent who seeks her assistance. If that were the case, no senator would have time for anything else. Finally, the complaint suggests that Senator Snowe is liable to the plaintiff for a failure to "uphold laws made by our Government," but enforcement of federal law is not the role or responsibility of a member of Congress. *See United States v. Rose*, 28 F.3d 181, 190 (D.C.Cir. 1994) (by codifying statutes, Congress bestows enforcement powers on executive and judicial branches); *Sharrow v. Peyser*, 443 F. Supp. 321, 325 (S.D.N.Y. 1977) (defendant Congressman lacks both responsibility and authority to enforce provision of Constitution).

Any claims asserted against Senator Snowe in the complaint should be dismissed for failure to state a claim on which relief may be granted.

### C.  Eric Hoch

The following allegations against Eric Hoch are included in the complaint:

> The complaint against Eric Hoch, a worker at the Disability Determination Services in Winthrop Maine, is incompetency, negligence and falsifying information after the fact. When I received a decision, he had listed 3 places he got info from for denying my claim, none of which was my Cardiologist Dr. Roy Ulin. I called him and I asked "why wouldn't you use my cardiologist's records when my disability is dilated cardiomyopathy?" he said that my Dr.'s info wasn't "relevant[.]" I asked if I could get that from him in writing and he said no "I had enough in writing[.]" A week later I rec'vd his decision again this time using Dr. Ulin's name as a reason for declining and dated [sic] the information was dated 4/13. Dr. Ulin's letter was never written until May. The relief I am seeking from the court is Judgement to receive my disability, and any monetary amounts the court or jurors allow.

Complaint ¶ 5.[3]

---

[3] The Maine Disability Determination Services is an agency of state government, www.maine.gov/dhhs/oes/dds/, not a branch of the federal Social Security Administration as the plaintiff assumes. Complaint at [5]. Its mission "is to provide accurate, timely, and cost effective decisions for Social Security Disability Claims." www.maine.gov./dhhs/oes/dds/.

Incompetence in performing one's job is not a ground for recovery in court by an individual who feels that he or she has been harmed by that incompetence. Nonetheless, the allegations against Hoch, construed liberally, may state a claim of a due process violation: that Hoch, acting in a role of decision-maker at an early stage of the plaintiff's case, disregarded information material to the plaintiff's claim and then falsified documents to make it appear as though he had taken that information into consideration.[4] I therefore recommend that the court decline to dismiss the complaint against Hoch at this early stage of the proceedings.

### D. Randy Henry

The following allegations are made against Randy Henry in the complaint:

> The complaint against Randy Henry, an intake worker at the Soc. Sec. Admin. in the Auburn Maine office, is that of the disrespectful way I was treated and discrimination. Mr. Henry, after speaking with Barbara Newbauer, who turned my case over to him, was very disrespectful, but besides that when I was desperate for help because I couldn't get an attorney after my first case and called him for other options, He said "There are none." I asked "can't I refile?" he said, "Ms. Fontaine, if I see you[r] name coming across my desk, I will immediately reject it. Judge Melanson denied it, that's it[.]" Well, no it[']s not it. I contacted the Augusta office and they refil[]ed my claim. The relief I am seeking from the court is Judgement to receive my disability, a written apology from Mr. Henry, and any monetary amount the court or jurors allow.

Complaint ¶ 4.

This court is without power to order a written apology as relief on any claim. Nor does disrespectful behavior provide a basis for recovery in a lawsuit. And, from all that appears in the

---

[4] "[A]pplicants for social security disability benefits are entitled to due process in the determination of their claims." *Holohan v. Massanari,* 246 F.3d 1195, 1209 (9th Cir. 2001); *see also, e.g., Yount v. Barnhart,* 416 F.3d 1233, 1235 (10th Cir. 2005) ("Social security hearings are subject to procedural due process considerations."). "At a minimum, the Constitution requires notice and some opportunity to be heard. Above that threshold, due process has no fixed content; it is flexible and calls for such procedural protections as the particular situation demands." *Mallette v. Arlington County Employees' Supplemental Ret. Sys. II,* 91 F.3d 630, 640 (4th Cir. 1996) (citations and internal quotation marks omitted); *see also, e.g., Eze v. Gonzáles,* 478 F.3d 46, 47 (1st Cir. 2007) ("[N]otice and an opportunity to be heard together comprise an essential principle of due process [.]") (citations and internal quotation marks omitted). Due process claims arising under the Constitution may be asserted against defendants in their personal capacities. *See, e.g., Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 78-79 (1st Cir. 2005).

complaint, the plaintiff has obtained what she asserts that Henry wrongfully denied her: the Augusta office "refiled [her] claim" after Henry had refused to do so.

In addition, while the complaint alleges that the plaintiff's claim against Henry is "discrimination," it does not specify the basis of that discrimination. Some kinds of discrimination – *e.g.*, discrimination based on age, gender, race, religion, or national origin – are prohibited by federal law, but others are not. It is not possible to discern from the allegations of the complaint whether the discrimination of which the plaintiff complains was based on any characteristic that is protected by federal law.

The claim against Henry should be dismissed.

### E.  Philip Smith

The complaint against Philip Smith includes the following allegations:

> The complaint against Philip Smith, who is the manager in the Portland office of disability review, is that I went in front of Judge Katherine Morgan and Dr. Webber, Judge Morgan said I had until May 6th to provide her with new or material evidence, especially if I could get the first nurse practitioner to change her notes. I said I would try, but if not would try to get her a timeline that shows this virus started back in 2000. I contacted Mary Dunlap, the nurse practitioner, and she would not change her notes, and I cannot blame her. So I sat down with the records, and made a complete timeline, but in the meantime called Mr. Smith and told him what was coming. I also got a letter from my internist stating that dilated cardiomy[o]pathy is an insidious disease, and unless you are looking for it you will not find it. The symptoms are the same in many diseases. Well, when I received the denial from Judge Morgan, which was dated May 1st, 5 days before I was due to have my material to her, I also noted none of my information was used to make her decision and that she had said in her decision that I did not provide any new or material evidence which I had provided material evidence. When I called Mr. Smith and asked him if he had given my evidence I sent in to the Judge, he said he relayed the information to her, I said "That's not what I asked" he said "Mrs. Fontaine the Judge has made her decision and if you don't like that decision, appeal it[.]" When Diane Jackson asked Mr. Smith if the Judge had seen the documents, he would not answer a yes or no either. Mr. Smith is just a manager, he is not the one that was to make the decision or the one who asked me to provide

7

> the material.  It was not his right to "relay" information, it was my right for the Judge to be given the documents I provided to the court and to have her at least consider them.  The relief I am seeking from the court is the judgement to receive my disability, a written apology from Mr. Smith, and any monetary amount the court or the jurors allow.

Complaint ¶ 3.

Again, the relief available from this court does not include a written apology from a defendant to a plaintiff.  However, the complaint, interpreted liberally as it must be at this stage, may possibly state a due process claim against Smith:  namely, that he failed to pass along material information to Judge Katherine Morgan, as a result of which Judge Morgan did not have that information in front of her when she rendered an adverse decision on the plaintiff's disability benefits claim.  *See supra* note 4.

I cannot recommend dismissal of the claim against Smith at this stage of the proceeding.

### F.  Barbara Newbauer

The following allegations are made against Barbara Newbauer in the complaint:

> The complaint against Barbara Newbauer, who at the time was the district manager in the Auburn office, but has since been moved to another pod office, is that not only was I treated very shabbily by her, but she also and most importantly violated my Privacy rights.  After I appeared before Judge Cohen and SSA Attorney Susan Donahue, they suggested that I file with new medical evidence.  I was working with Senator Snowe's employee Diane Jackson, so I called her and told her the outcome, she said she was going to request a letter from Ms. Newbauer as to what went on in the trial, which she did.  She sent me a copy.  I then noticed that while it was only Senator Snowe that had requested the information, Barbara Newbauer sent it to many other people and offices.  At this point I was only working with Senator Snow's office.  Now I admit I signed releases in the past for Congressman Michaud's office, and Senator Collins'[] office, but she also sent information about me to Congressman Tom Allen's office.  I have never signed any release for their office.  When I contacted Ms. Newbauer, she said "I figured I would cover all my bases."  I said "You had no right to release information to someone I did not sign a release for[.]"  She said "Ms. Fontaine, I will go in front of any 12 people against you anytime."  These laws were made for everyone, and if she gave my

> private information to someone which she did not have the right to, that is against the law.  This is all part of the treatment that I received along this 4 years.  The relief sought from the court is to grant my disability benefits and an apology in writing from Ms. Newbauer for the way I was treated and any monetary amount the jurors or court see fit to allow.

Complaint ¶ 2.

As already noted, a letter of apology is not among the relief available from this court for violations of statutory or common law, nor is discourtesy and shabby treatment actionable.  With respect to the substantive allegation that Newbauer violated the plaintiff's "Privacy rights" by providing Congressman Allen's office with a copy of a letter "as to what went on in [the plaintiff's] trial," my earlier analysis of the possible legal bases for such a claim applies here as well.  *See supra* note 2.

The complaint fails to state a claim upon which relief may be granted against Newbauer and should be dismissed as to her.

### G.  Social Security Administration

The complaint includes the following specific allegations against the Social Security Administration:

> The complaint against the Social Security Administration is that they and the employees acting on their behalf, not only did not conduct themselves profession[al]ly, but also were incompetent and broke laws and treated me with a very discriminating manner, in some instances.  They have put me through unnecessary distress not only in the way I was treated, but by just neglecting to see the facts in front of them or in court to allow my witnesses to speak, which is my right by law.  I have filed all appeals before filing this civil action and the relief sought by the court is they find in my favor and grant my disability benefits.

Complaint, ¶ 1.

Read indulgently, as it must be at this stage of the proceedings, this paragraph may state claims for negligent infliction of emotional distress[5] and violation of the plaintiff's due process rights by employees of the defendant, for which it may be liable on a theory of *respondeat superior* or directly, if its policies and procedures required its employees to act as they allegedly did toward the plaintiff. Acting unprofessionally and being incompetent at one's job do not provide any basis for a legal cause of action, and the complaint's mention of discrimination is too vague to state a claim, but the other allegations of this paragraph appear to state a claim.

I cannot conclude, on the language of 28 U.S.C. § 1915(e)(2)(B), that the claim asserted in the complaint against the agency itself is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Accordingly, I do not recommend that the claims against the Social Security Administration be dismissed at this stage of the proceeding.

### III. Conclusion

For the foregoing reasons, I recommend, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the claims asserted against defendants Newbauer, Henry, Snowe, and Jackson be ***DISMISSED***. If the court adopts my recommendation, the plaintiff's claims against the Social Security Administration and defendants Hoch and Smith will remain active.

The clerk's office is hereby directed to discontinue any attempts to accomplish service on any of the named defendants in this action, pending the court's *de novo* review of this recommended decision if timely objection is filed thereto. Should any named defendants remain

---

[5] "In a negligent infliction of emotional distress claim, the Plaintiffs must allege that (1) the Defendant owed a duty to the Plaintiffs; (2) the Defendant breached its duty; (3) the Plaintiffs suffered severe emotional distress; and (4) the Defendant's breach caused the Plaintiffs' severe emotional distress." *Leroy v. Maine Children's Home*, No. CV-02-125, 2002 WL 31360598, at *2 (Me. Super. Ct. Sept. 19, 2002). "Whereas there is no general duty to avoid negligently causing emotional harm to others, the Law Court has recognized such a duty in bystander liability actions, in circumstances where a special relationship exists between the parties, and in circumstances where the wrongdoer has committed another tort." *Id.*

in this action following that review, the clerk's office may re-institute attempts to serve those defendants.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.   A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 10th day of February, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge