UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARY A. FONTAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 08-CV-429-P-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, et al., | ) |
| | ) |
| | ) |
| Defendants. | |

**ORDER AFFIRMING DECISIONS BY THE MAGISTRATE JUDGE**

Before the Court are Plaintiff's Objection to the Magistrate Judge's Order Sealing Attachment (Docket # 18) as well as the Recommended Decision of the Magistrate Judge (Docket # 11), filed on February 10, 2009. Plaintiff filed her Objection (Docket # 15) to the February 10, 2009 Recommended Decision on February 18, 2009. Defendants filed a short response (Docket # 19) to Plaintiff's Objection on March 4, 2009 and Plaintiff filed a reply (Docket # 20) on March 10, 2009. After a thorough review of the entire docket and both of Plaintiff's Objections, the Court now AFFIRMS both the Magistrate Judge's Order Sealing Attachment (Docket # 16) and the Recommended Decision (Docket # 11).

*Order Sealing Attachment (Docket # 16)*

In accordance with Federal Rule of Civil Procedure 72(a), the Court will only modify or set aside the Order Sealing Attachment if it is clearly erroneous or contrary to law. Having reviewed the Order Sealing Attachment as well as the sealed documents (Docket # 17), the Court

believes the Order was entirely correct and in accordance with the law, including Federal Rule of Civil Procedure 5.2(e)(2).[1]

The five pages sealed by the Magistrate Judge includes a three-page letter as well as two pages of doctor notes. If the entire document were to remain on the Court's docket unsealed, any member of the public could easily obtain access to Ms. Fontaine's home address, phone number, date of birth as well as personal medical information. By sealing this filing in accordance with Rule 5.2, the Magistrate Judge was simply protecting Ms. Fontaine's personal information and ensuring that she did not subject herself to possible identity theft. Although it is sealed, the letter is a part of the official docket of this case and can be considered as evidence by any court that reviews this matter. Nonetheless, the Court primarily reads Plaintiff's Objection to the Order Sealing Attachments as wishing that her three-page letter could be part of the publicly accessible docket. <u>If that is the case, Plaintiff is free to re-file the letter with or without the attached medical note provided she redacts any personal identifiers as required by Rule 5.2(a)</u>. If the Clerk receives such a redacted filing from Ms. Fontaine, the Court hereby ORDERS that it be added to the publicly accessible portion of the docket. However, the Court DENIES Plaintiff's Objection (Docket # 18) to the Order Sealing Attachment and ORDERS that the filings contained at Docket # 17 shall remain SEALED.

*Recommended Partial Dismissal (Docket # 11)*

I have reviewed and considered the Magistrate Judge's February 10, 2009 Recommended Decision, together with Plaintiff's objections and the entire record; I have made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I

---

[1] Federal Rule of Civil Procedure 5.2 became effective on December 1, 2007. Even prior to that date, redaction of personal identifiers was required pursuant to the District's Administrative Procedures Governing the Filing and Service by Electronic Means.

concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision. Specifically, the Magistrate Judge has recommended that all claims against Diane Jackson, Olympia Snowe, Randy Henry and Barbara Newbauer be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In accordance with § 1915, the Magistrate Judge found that even under the most liberal construction of Plaintiff's pro se complaint, Ms. Fontaine had failed to state a claim on which relief could be granted against any of these four named Defendants. To the extent that Plaintiff is seeking social security benefits or other money damages, this is not relief she can obtain from Jackson, Snowe, Henry or Newbauer even if the Court were to find that all of the allegations contained in her Complaint and attached exhibits are true.

It appears that Ms. Fontaine is now asking the Court to review actions taken in connection with her ongoing attempts to obtain social security benefits after this Court entered a judgment against her in her initial social security appeal on October 25, 2007 (See Fontaine v. Astrue, D. Me. Docket No. 2:07-cv-18.) These actions appear to include a second decision issued by ALJ Morgan on or around May 1, 2008.[2] The Court is satisfied that to the extent it is able to provide Ms. Fontaine any relief in connection with her allegations, the remaining defendants are the only defendants against which the Court could possibly award relief. Of course, there may well be a basis for dismissal that is not apparent on the face of the pro se complaint and nothing in this decision or the Magistrate Judge's recommended decision forecloses these remaining Defendants from moving to dismiss the claims against them in accordance with Federal Rule of Civil Procedure 12. Moreover, nothing in this Order is meant to express an opinion on the merits of Plaintiff's remaining claims, which is an issue not currently before the Court.

---

[2] While the record refers to this decision, there does not appear to be a copy of the decision on the docket.

3

Having thoroughly considered all of the objections put forth by Plaintiff, the Court concludes that these objections are without merit. It is therefore ORDERED that:

1. Plaintiff's Objection to the Magistrate Judge's Order Sealing Attachment (Docket # 18) is DENIED and the Order Sealing Attachment (Docket # 16) is AFFIRMED.

2. The Recommended Decision of the Magistrate Judge (Docket # 11) is AFFIRMED.

3. The claims asserted against Defendants Diane Jackson, Olympia Snowe, Randy Henry and Barbara Newbauer are hereby DISMISSED with PREJUDICE.

4. The Clerk's Office shall re-institute attempts to serve the following remaining Defendants: Michael J. Astrue, Commissioner of Social Security; Eric Hoch; and Philip Smith.

SO ORDERED.

     /s/ George Z. Singal
     Chief U.S. District Judge

Dated this 19th day of March, 2009.