**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| MARY A. FONTAINE, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 08-429-P-S |
| | ) | |
| MICHAEL J. ASTRUE, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

### ORDER ON MOTION FOR COURT-APPOINTED ATTORNEY

The plaintiff in this civil action arising out of an application for Social Security benefits has requested that the court appoint counsel to represent her. Request for a Court Appointed Attorney (Docket No. 34) at [1]. She has previously been granted *in forma pauperis* status. Docket No. 6. She now asserts that her declining health is the basis for her request for a court-appointed lawyer.

The defendants presently before the court take the position that they are "unaware of any authority that would allow for a court-appointed attorney in a civil action like this." Response to Request for a Court Appointed Attorney (Docket No. 36) at [1]. In fact, 28 U.S.C. § 1915(e)(1) provides authority for the provision of counsel in *in forma pauperis* civil proceedings. *See, e.g., Foggie v. Commissioner of Soc. Sec.*, 243 F.Supp.2d 2, 4 (S.D.N.Y. 2003); *Boubonis v. Chater*, 957 F.Supp. 1071, 1073 (E.D.Wis. 1997).

Such requests are not routinely granted, however. Indeed, such requests are generally only made where exceptional circumstances are present. *Kirkpatrick v. Astrue*, 2008 WL 879407 (W.D.La. Mar. 31, 2008), at *1. Among the factors considered by courts that have been asked to

appoint counsel for indigent plaintiffs in such cases are the following: the type and complexity of the case; the plaintiff's ability to adequately present and investigate her case; the presence of evidence which largely consists of conflicting testimony, so as to require skill in presentation of evidence and cross-examination; and, the likelihood that the appointment of counsel will benefit the plaintiff, the court, and the defendants by shortening a trial and assisting in a just determination. *Id.*; *see also Foggie*, 243 F.Supp.2d at 4.

As to the first two prongs, case complexity and the plaintiff's ability, this case involves the plaintiff's attempts to obtain Social Security benefits and the manner that she was treated during that process. Those issues are not particularly complex. In addition, the plaintiff to date has shown the ability adequately to present her claims and to investigate them. No further investigation appears to be required. The plaintiff does claim that her health now prevents her from pursuing her claims, but there is no medical verification of the plaintiff's claim in this regard.

With regard to the need for skilled presentation of evidence, the evidence, so far as I can tell, does not consist primarily of conflicting testimony, and there is no suggestion that skill in cross-examination of witnesses or presentation of evidence will be required. The two defendants that have been served have already moved to dismiss the claims against them, or, in the alternative, for summary judgment. As a result, the case may be resolved without trial.

Finally, as to the last factor, the appointment of counsel for the plaintiff might assist the court, to the extent that the court will always be assisted when trained counsel is substituted for a *pro se* party in any proceeding, and it might assist the plaintiff in terms of what she no longer feels physically able to do. It is unlikely, however, at this point to shorten a trial, as none may be needed, or to assist in the just determination of the plaintiff's claims.

On balance, I conclude that exceptional circumstances are not present and that the plaintiff is not entitled to the appointment of counsel at government expense to represent her in this case.  Her motion is **DENIED**.

Dated this 15th day of April, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge