UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY A. FONTAINE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-429-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, et al., | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON MOTIONS TO SUBSTITUTE AND FOR SPEEDY TRIAL, AND RECOMMENDED DECISION ON MOTIONS TO DISMISS AND FOR JUDGMENT

The *pro se* plaintiff in this action moves "for a speedy trial by jury" (Docket No. 45), for judgment in her favor (Docket No. 50), and for a "clarification" of an earlier order of this court (Docket No. 44).

Defendants Michael Astrue and Philip Smith move to substitute the United States as the defendant in this action in their place and to dismiss the claims asserted against them or, in the alternative, for summary judgment on those claims. Docket No. 29. The plaintiff has responded to this motion. Docket No. 43. If these defendants' dispositive motion is granted, only one defendant, Scott Hoch, will remain in this action.

I deny the plaintiff's motions for speedy trial by jury and for judgment. Because the plaintiff's request for a "clarification" seeks legal advice and, in essence, a legal analysis of the plaintiff's claims, I cannot respond to it. I recommend that the court grant the defendants' motion to dismiss.

1

## I. The Motion to Dismiss

### A. Applicable Legal Standard

The motion to dismiss invokes Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Motion to Substitute and Dismiss or in the Alternative for Summary Judgment ("Astrue/Smith Motion") (Docket No. 29) at 5. Pursuant to Rule 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. *See, e.g., American Fiber & Finishing, Inc. v. Tyco Healthcare Group*, 362 F.3d 136, 138 (1st Cir. 2004). When the defendant does so, the plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *Lundquist v. Precision Valley Aviation, Inc.,* 926 F.2d 8, 10 (1st Cir. 1991). Both parties may rely on extra-pleading materials. *See Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 699 (1st Cir. 1979).

With respect to Rule 12(b)(6), as the Supreme Court has clarified:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).[1]

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the

---

[1] In so explaining, the Court explicitly backed away from the Rule 12(b)(6) standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46). The Court observed: "[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

motion is converted into one for summary judgment." *Id*. "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

When a court is confronted with motions to dismiss under both Rule 12(b)(1) and 12(b)(6), it ordinarily should decide the former before considering the latter. *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002).

### B. Defendant Smith

To the extent that the plaintiff's complaint may be read to assert a federal constitutional claim against Smith individually, it must be a due process claim. Recommended Partial Dismissal (Docket No. 11) at 8 (*affirmed*, Docket No. 21). Smith contends, correctly, Astrue/Smith Motion at 5, that such a claim may not be asserted against a federal official in his official capacity in order to overturn the denial of a claim for Social Security Disability benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 414, 429 (1988). That is the nature of the claim asserted by the plaintiff in this case against Smith. Complaint (Docket No. 1) ¶ 3. He is accordingly entitled to dismissal of the complaint to the extent that it is asserted against him.

### C. Defendant Astrue

I have previously substituted the name of Commissioner Astrue for the Social Security Administration as a defendant in this action. Recommended Partial Dismissal at 1. The moving defendants contend that Astrue enjoys sovereign immunity from the plaintiff's claims, that she may not seek to recover Social Security benefits in this action when she has already litigated that matter pursuant to the Social Security Act, and that she has failed to exhaust available

administrative remedies to the extent that her complaint may be read to allege tortious conduct. Astrue/Smith Motion at 12.

Neither the United States nor its governmental agencies may be sued without the government's consent.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  In the absence of that consent, this court lacks jurisdiction over any such suit.  *Id*.  Congress determines the scope and terms of any consent, as well as the procedures that apply to actions brought pursuant to that consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976).

The following statutory language is directly applicable to the plaintiff's claim in this case: "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h).  Those sections of Title 28 provide jurisdiction in the federal courts over suits "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and suits against the United States other than those alleging or sounding in torts, 28 U.S.C. § 1346.  Section 1331 is the only possible source of jurisdiction over the plaintiff's claims in this action, which therefore are barred by the government's clear lack of consent to be sued for such claims.

To the extent that the complaint may be construed to allege torts (civil wrongs) for which a remedy other than payment of Social Security benefits is sought, such claims are subject to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA").  *See* 28 U.S.C. § 2672 (head of each federal agency may settle any claim for money damages under circumstances where private person would be liable on such a claim).  The FTCA requires exhaustion of administrative remedies as a jurisdictional prerequisite to suit.  *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).  *See* 28 U.S.C. § 2675(a) (no action for money damages may be instituted against

federal government agency or employee unless claim has first been presented to agency and claim has been finally denied by agency). The complaint does not allege that the plaintiff has exhausted her administrative remedies, and the moving defendants have submitted evidence that the Social Security Administration has no record of receiving any notice of a tort claim from the plaintiff. Declaration of Dorothy Guy (Attachment 2 to Astrue/Smith Motion) ¶¶ 2-3. Therefore, this court lacks jurisdiction over the plaintiff's tort claims against the Social Security Administration and its commissioner, Michael J. Astrue, and those claims must be dismissed.

### D. Conclusion

Because the motion of defendants Smith and Astrue to dismiss should be granted, it is not necessary to reach their motion to substitute, which will be rendered moot if the court adopts this recommended decision, or their alternative motion for summary judgment.

### II. Request for Clarification

In a document entitled "Request for Clarification" (Docket No. 44), the plaintiff asks the court to tell her why her claims might not come to trial, why she had to demonstrate to the Social Security Administration that her disability began in 2002, and other questions that suggest that she does not understand the legal structure of the Social Security system and the sometimes-arcane statutes and regulations that govern it. *Id*. at [1]-[3]. The document does not so much seek clarification of a prior ruling of this court as it does explanations of Social Security law and its application to her claim for benefits. That is the kind of legal advice that this court cannot give to *pro se* litigants. *See, e.g., Monk v. Coalman*, 2009 WL 1080855 (E.D. Wis. Apr. 22, 2009), at *5; *Bernhardt v. Johns*, 2009 WL 971443 (D. Neb. Apr. 8, 2009), at *2; *Landry v. Davis*, 2009 WL 274242 (D. Kan. Jan. 26, 2009), at *4. The request is accordingly denied.

### III.  Motion for Speedy Trial

In this filing, the plaintiff states: "Due to my health, I am requesting a speedy trial by jury as requested or an arbitration with the Social Security attorney, or a favorable decision granting me my social security disability."  Request for a Speedy Trial by Jury (Docket No. 45). Unfortunately, ill health does not entitle a civil plaintiff to leapfrog over other cases actually ready for trial and be heard first.  Nor does it allow a plaintiff to proceed to trial when at least one defendant, whom she initially misidentified, has several more days (until June 10, 2009, Docket No. 53) before he is even required to file an answer to the complaint.  This case must proceed to trial in accordance with the usual procedures of this court.

This court lacks jurisdiction to order the parties to participate in arbitration in the absence of a binding agreement between the parties to do so.

This court cannot and will not enter judgment for a plaintiff before one or more of the named defendants has had a chance to file an answer to the complaint, nor will it do so on any basis other than a review of sworn evidence, on the record, filed with the court after an opportunity for discovery by the parties, if discovery is requested and appropriate.

The plaintiff's request for a "speedy trial," a statutory right of criminal defendants only, is denied.

### IV.  Motion for Judgment

The plaintiff's final request is for the entry of judgment in her favor.  She has not submitted the necessary statement of material facts which must accompany a motion for summary judgment under the local rules of this court.  Local Rule 56(b).  A motion for summary judgment is the means by which any civil litigant may seek judgment in his or her favor before trial.  There is an established procedure under the local rules for filing an appeal from a final

decision by the Social Security commissioner, Local Rule 16.3(a)(2), but, since there is no evidence that the plaintiff sought review of the administrative law judge's decision by the Appeals Council of the Social Security Administration before bringing her claim to this court, this court would have no jurisdiction over her claim, even if it were to be correctly characterized as such an appeal.

It is clear that the plaintiff believes strongly that she has been mistreated by employees of the Social Security Administration and its associated state-government agencies and that she deserves disability benefits. No matter how severe her current medical symptoms may be, however, she is still required, as is every litigant in this court, whether represented by counsel or not, to bring only claims over which this court has jurisdiction, which are not barred by federal law, and which proceed through litigation according to procedural requirements that apply equally to all parties.

## V. Conclusion

For the foregoing reasons, the plaintiff's motions for clarification (Docket No. 44), for a speedy trial by jury (Docket No. 45), and for entry of judgment (Docket No. 50) are **DENIED**, and I recommend that the motion of defendants Smith and Astrue to dismiss (Docket No. 29) be **GRANTED**. If the motion to dismiss is granted, the same defendants' motions for summary judgment and to substitute (Docket No. 32) will be moot.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of May, 2009.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
